UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
CARLOS RIVERA,

                             Plaintiff,                    9:05-CV-1379
                                                                     (GLS)(GHL)

        v.

GLENN S. GOORD, Commissioner; KENNETH S.
PERLMAN, Superintendent; G. KADIEN, Deputy
Superintendent; LT. CASEY, Tier II Hearing Officer,

                                Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|

CARLOS RIVERA
Plaintiff, *pro se*

| OFFICE OF THE ATTORNEY GENERAL | ED J. THOMPSON, Esq. |
|---|---|
| State of New York | Assistant Attorney General |
| Attorney for Defendants | |

GEORGE H. LOWE, United States Magistrate Judge

## MEMORANDUM-DECISION and ORDER

### I.      Introduction

      This civil rights action was commenced by *pro se* plaintiff Carlos Rivera on November 2,

2005.  Plaintiff claims that his constitutional rights were violated in the course of two

disciplinary proceedings conducted at Mid-State Correctional Facility in August, 2005.  Dkt. No.

1.

      The defendants filed an answer to the complaint in February, 2006, and a Pretrial

Scheduling Order was entered setting October 30, 2006 as the discovery completion deadline.

Dkt. Nos. 12, 13.

      Presently before the Court is a motion from plaintiff to compel discovery.  Dkt. No. 16.

Plaintiff claims that defendants failed to respond to plaintiff's first and second discovery

requests, which were served on defendants' counsel in April, 2006. *Id*. Plaintiff further states

that he sent several letters to defendants' counsel requesting a response, to no avail. Plaintiff

seeks an order of this Court directing defendants to respond to the outstanding discovery requests

and an award of monetary sanctions. *Id*.

Defendants filed papers in response to the motion on October 6, 2006. Dkt. No. 19.

Defendants state that the two discovery requests were substantially the same, and that a response

to plaintiff's second discovery request was served on plaintiff on October 4, 2006. *Id*. at 1.[1]  On

the basis of their response, defendants urge that plaintiff's motion to compel be denied as moot.

Plaintiff has filed a reply, by which he contends that the defendants' discovery responses

are not sufficient. Dkt. No. 21. Plaintiff urges the Court to compel the production of documents

responsive to three of his eight discovery requests. *Id*. Defendants did not file, nor did they seek

leave to file, a sur-reply.

II.     **Discussion**

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery

"regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.

R. Civ. P. 26 (b)(1). While not unlimited, "relevance for the purposes of discovery is 'an

extremely broad concept.'" *Melendez v. Greiner*, 2003 WL 22434101 * 1 (S.D.N.Y. 2003)

(citations omitted). Moreover, "actions alleging violations of § 1983 require especially generous

discovery." *Cox v. McClellan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (Feldman, M.J.) (citing the

late District Judge James T. Foley's decision in *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 128

---

[1]  A copy of defendants' discovery response is attached as exhibit A to their motion papers
(Dkt. No. 19) and is referred to herein as "Discovery Response."

2

(N.D.N.Y. 1984)).

A party objecting to the disclosure of certain evidence bears the burden of establishing "precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester, Dept. of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) (Feldman, M.J.). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Melendez, supra*, at \*1.

As noted, plaintiff seeks an order directing the defendants to provide documents responsive to three of his discovery requests. The first request in issue seeks:

> A copy of all documents and investigation reports with Tier 2 hearing date12-27-05 by Defendant Lt Casey hearing Tape # 462-B and Appeal sent to Superintendent on 12-29-05.

Discovery Response ¶ 5. Defendants objected to this request on the ground that it is "unclear and irrelevant." *Id*.

Plaintiff claims that he is entitled to the requested discovery because the records of the December disciplinary proceeding will lend support to his claim that Lt. Casey violated his due process rights at the hearings held in August, 2005. Dkt. No. 21 at 2. The December hearing addressed an Inmate Misbehavior Report charging plaintiff with being absent from class. Plaintiff sought to call his teacher as a witness. According to the Witness Interview Notice signed by Lt. Casey, the request was denied and plaintiff was found guilty of the infraction. Plaintiff attached copies of the Inmate Misbehavior Report and the Witness Interview Notice to his reply papers. *Id*. at 5-6.

The relevancy, if any, of how Lt. Casey presided over an unrelated hearing is far too

3

attenuated, and could lead to "a trial within a trial."  The motion is denied with respect to the first

request.

The second discovery request in issue seeks:

A copy of all documents and investigation reports dealing with Inmate Nin Julio
97-A-7462 hearing on 9/2/05 Tape # 449-A in which Plaintiff will use at trial.

Discovery Response ¶ 6.  Defendants objected to this discovery request on the ground that it is

"clearly overly broad."  Defendants also maintain that because the disciplinary proceedings on

September 2, 2005 did not involve plaintiff, the requested information is not relevant nor is it

likely to lead to the discovery of relevant information.  *Id*.

According to plaintiff, Lt. Casey served as the hearing officer at this proceeding, which

addressed a misbehavior report charging Nin Julio with refusing a direct order to empty the trash

in the CO's office and bathroom.  See Dkt. No. 21 at 7 (Inmate Misbehavior Report).  Plaintiff

claims that the hearing, which is recorded as having lasted only eight minutes, was not conducted

properly and that inmate Nin Julio was coerced into signing the hearing disposition sheet.

Plaintiff claims that evidence of Lt. Casey's improper conduct at inmate Nin Julio's hearing

supports plaintiff's claims in this action.  Plaintiff has copies of the Inmate Misbehavior Report

and the Disciplinary Hearing Disposition Sheet.

Again, the relevancy, if any, of how Lt. Casey presided over an unrelated hearing, this time

involving an unrelated inmate, is far too attenuated, and could lead to "a trial within a trial."  The

motion is denied with respect to the second request.

The third discovery request which is addressed in plaintiff's motion to compel seeks:

A copy of all documents, memorandum and or any paper relating to any and all
rules dealing or relating to room restriction and loss of all recreation.  Also copies

> of all approved [sic] annyally memorandum by Defendant Goord relating with to room restriction and loss of all recreation under Article §138 #1,6.

Discovery Response ¶ 7. Defendants objected to the request on the ground that the request is "unclear and overly broad." Notwithstanding their objection, Defendants stated that they do not possess "any item related specifically to 'room restriction and loss of all recreation'." *Id*.

Plaintiff states that he seeks this information because "room restriction" was one of the disciplinary penalties imposed by Lt. Casey. In support of his motion to compel, plaintiff states that he possesses a document dated July 5, 2000 which has as its subject "Room Restriction and Loss of All Recreation." This memorandum states that it is a reisssue of a July 15, 1996 memo.[2] Plaintiff states that he seeks any other documents which may have been issued subsequent to July 15, 2000 addressing this subject.

This aspect of plaintiff's motion to compel is **granted**. Defendants are directed to produce documents responsive to request no. 7 which were created or issued during the period July 15, 2000 through December 31, 2005 **within thirty (30) days** of the filing date of this Decision and Order.

Plaintiff also seeks an award of monetary sanctions against the defendants for their failure to timely respond to his outstanding discovery requests. Dkt. No. 16 at 3.

District courts have broad discretion to enforce discovery obligations and may impose sanctions on the disobedient party. Fed.R.Civ. P. 37.[3] In this case, however, it does not appear that defendants' delay in responding to the discovery requests, while not condoned, is attributable

---

[2] A copy of this memorandum is attached to plaintiff's reply papers. Dkt. No. 21 at 10.

[3] In limited circumstances, courts may "use the extreme sanction of a default judgment." *United States v. Aldeco*, 917 F.2d 689, 690 (2d Cir. 1990).

to bad faith, nor does it appear that plaintiff was prejudiced thereby.  Plaintiff's request for an

award of monetary sanctions is therefore denied.

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion to compel discovery (Dkt. No. 16) is granted in part

and denied in part as set forth above, and it is further

ORDERED, that plaintiff's motion for sanctions (Dkt. No. 16) is denied, and it is further

ORDERED, that the Clerk serve a copy of this Decision and Order on the parties.


Dated: March 21, 2007
      Syracuse, New York

                                              George H. Lowe
                                              United States Magistrate Judge