**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CARLOS RIVERA,**

                            **Plaintiff,**

                                                    **9:05-CV-1379**
            **v.**                                  **(GLS/GHL)**

**GLENN S. GOORD**, Commissioner, NYS Dept. of
Correctional Services; **KENNETH PERLMAN**,
Superintendent, Mid-State Correctional Facility;
**G. KADIEN**, Deputy Superintendent, Mid-State
Correctional Facility; **LT. CASEY**, Tier II Hearing
Officer, Mid-State Correctional Facility,

                            **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**

LUIBRAND LAW FIRM, PLLC              KEVIN A. LUIBRAND
950 New Loudon Rd., Suite 270
Latham, NY 12110

**FOR THE DEFENDANTS:**

HON. ANDREW M. CUOMO                 TIMOTHY P. MULVEY
New York State                       Assistant Attorney General
Attorney General
The Capitol
New York, NY 12224-0341

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Carlos Rivera ("Rivera") brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional due process rights were violated in the course of two disciplinary hearings conducted by defendant Lt. Casey. Compl. ¶ 1, Dkt. No. 1.  Presently pending is defendants motion for summary judgment.  Dkt. No. 32.  For the reasons that follow the motion is granted.

### II. Facts

The facts, construed in the light most favorable to Rivera as the non-moving party, are as follows.[1]  Rivera was confined at Mid-State Correctional Facility in the custody of the New York State Department of Correctional Services ("DOCS").  Defendants' Statement Pursuant to Rule 7.1(a)(3) ("Defs. SMF") ¶ 1, Dkt. No. 32:3.  On August 11, 2005, Correction Officer Kinville issued a misbehavior report to Rivera charging him with violations of DOCS Rules 113.23 (contraband), 118.21 (flammable

---

[1] All of the averments set forth in Defendants' Statement of Material Facts are admitted by Rivera.  *See* Plaintiff's Statement of Material Facts, Dkt. No. 35.  Rivera has not interposed any objections to the disciplinary records submitted as exhibits to Defendants' Statement of Material Facts.

materials), and 109.10 (out of place).  Compl. ¶¶ 10-12, Dkt. No. 1; Defs.

SMF ¶ 2, Dkt. No. 32:3.[2]  Rivera was placed "on room restriction (cube

confined) to await formal disciplinary proceedings."  Compl. ¶ 11, Dkt. No.

1.  Lt. Casey, the hearing officer, found Rivera guilty of violating DOCS

rules and imposed a penalty of thirty (30) days room restriction and a

corresponding loss of privileges; with 15 days of the penalty suspended

and deferred for 90 days.  Defs. SMF ¶ 4, Dkt. No. 32:3; Defs. SMF Ex. A

(Disciplinary Hearing Disposition); Dkt. No. 32:4.[3]

Rivera appealed, claiming Lt. Casey improperly denied him the right

to call a witness.  Defs. SMF Ex. C (Appeal Form), Dkt. No. 32:4.  Capt.

Labriola, who heard Rivera's appeal, found that Rivera's request to call the

Fire and Safety Officer as a witness was not properly addressed by Lt.

Casey and dismissed the flammable materials charge.  Defs. SMF ¶¶ 5-6,

Dkt. No. 32:3; Defs. SMF Ex. C (Appeal Form), Dkt. No. 32:4.  However,

finding that the requested witness had no bearing on the other two

charges, Capt. Labriola affirmed those findings and the penalty.  *Id.*

Rivera received a second misbehavior report from Correction Officer

---

[2] Correction Officer Kinville is not a defendant in this action.

[3] Lt. Casey credited Rivera with "time served" and set August 26, 2005 as his release date.
Defs. SMF Ex. B (Hearing Transcript) p. 5, Dkt. No. 32:4.

3

Kinville on August 20, 2005.  Defs. SMF ¶ 7, Dkt. No. 32:3.[4]  Lt. Casey

again served as the hearing officer.  *Id.* ¶ 8.  Rivera was found guilty of the

charges at a Tier II hearing held August 26, 2005 and was assessed a

penalty of thirty (30) days room restriction and loss of privileges.  *Id.* ¶ 9;

Defs. SMF Ex. D (Disciplinary Hearing Determination), Dkt. No. 32:4.  The

disciplinary determinations were affirmed on appeal by defendant Deputy

Superintendent Kadien.  Defs. SMF ¶ 10, Dkt. No. 32:3.[5]

### III. Procedural History

Rivera filed his complaint *pro se* on November 2, 2005.  Rivera was

granted leave to proceed *in forma pauperis* and service of process was

effected on the defendants.  Dkt. Nos. 4-8. Defendants filed their answer

on February 17, 2006 (Dkt. No. 12) and a Pretrial Scheduling Order was

issued setting dates for completion of discovery and the filing of pretrial

motions.  Dkt. No. 13.  Following a pretrial conference conducted by

Magistrate Judge George H. Lowe, *pro bono* trial counsel was appointed to

---

[4] Rivera was charged with violations of DOCS Rules 104.13 (creating disturbance), 109.10 (out of place), and 181.10 (noncompliance with disciplinary determination).  *See* Compl. ¶26, Dkt. No. 1; Defs. SMF ¶ 7, Dkt. No. 32:3.

[5] Rivera alleges that his disciplinary penalties included the 30-day loss of "all packages, telephones, recreation and commissary."  Compl. ¶¶ 19, 35, Dkt. No. 1.  The records of the disciplinary proceedings state that Rivera lost packages, commissary and phones.  Defs. SMF ¶ 4, Dkt. No. 32:3; Defs. SMF Ex. A (Disciplinary Hearing Disposition), Dkt. No. 32:4; Defs. SMF ¶ 9; Defs. SMF Ex. D (Disciplinary Hearing Determination), Dkt. No. 32:4.  For purposes of this motion, the court accepts Rivera's allegation as true.

represent Rivera.  Dkt. No. 28.[6]

## IV. Standard of Review

The summary judgment standard is well-established, and will not be

repeated here.  For a full discussion, the court refers the parties to its

opinion in *Bain v. Town of Argyle,* 499 F. Supp. 2d 192, 194-95 (N.D.N.Y.

2007).

## V. Discussion

### I. Procedural Due Process Claims

To successfully establish a claim under 42 U.S.C. § 1983 for denial of

due process arising out of a disciplinary hearing, a plaintiff must establish

both the existence of a protected liberty interest and that he or she was

deprived of that interest without being afforded sufficient process. *See*

*Sandin v. Conner*, 515 U.S. 472, 483-85 (1995)*; Tellier v. Fields*, 280 F3d

69, 79-80 (2d Cir. 2000); *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir.

1998) (per curiam).  In *Sandin*, the Supreme Court determined that such

protected liberty interests from restrictive confinement will generally be

limited to freedom from restraint which imposes an "atypical and significant

---

[6]  Counsel was directed to respond on Rivera's behalf in opposition to defendants' dispositive motion unless plaintiff directed him not to do so.  Dkt. No. 29.

hardship on the inmate in relation to the ordinary incidents of prison life." *Id* at 484; *see also Tellier*, 280 F.3d at 80; *Hynes*, 143 F.3d at 658.  The "atypicality" inquiry under *Sandin* is normally a question of law.  *Colon v. Howard*, 215 F.3d 227, 230-31 (2d Cir. 2000); *Sealey v. Giltner*, 197 F.3d 578, 585 (2d Cir. 1999).  In making that determination the court must consider the specific circumstances of the confinement, including both the duration and the conditions thereof.  *Colon*, 215 F.3d at 230; *Sealey*, 197 F.3d at 585.

Defendants argue that Rivera's due process claim fails as a matter of law because his room restriction confinement does not rise to the level of an atypical and significant hardship under *Sandin*.  The court agrees.  The Second Circuit generally takes the position that normal confinement in a segregated housing unit ("SHU") or keeplock of 101 days or less does not constitute an "atypical and significant hardship" under *Sandin*.  *Colon*, 215 F.3d at 231 (citing *Sealey*, 197 F.3d at 589-90).[7]  Indeed, courts have consistently held that SHU or keeplock confinement under ordinary

---

[7] A New York state inmate confined in SHU is placed in a solitary confinement cell for 23 hours a day.  The inmate may exercise in the yard for one hour each day; is limited to two showers a week; and may not work or attend programming.  *See Colon v. Howard*, 215 F.3d 227, 230 (2d Cir. 2000); N.Y. Comp. Codes R. & Regs., tit. 7, §§ 304.1-.14 (2008).  An inmate on "keeplock"  is confined to his cell, room or housing unit and does not enjoy full participation in the normal prison routine.  See *Gittens v. LeFevre*, 891 F.2d 38, 39 (2d Cir. 1989); N.Y. Comp. Codes R. & Regs. tit. 7, § 251-1.6 (2008).

conditions for periods similar to that experienced by Rivera do not rise to a level sufficient to establish a due process claim.  *See Smart v. Goord*, 441 F.Supp.2d 631, 640 (S.D.N.Y. 2006) ("[T]he decisions in the Second Circuit are unanimous that keeplock ... of 30 days or less in New York prisons is not 'atypical or significant hardship' under *Sandin*." (internal quotation omitted)); *Ochoa v. DeSimone*, No. 9:06-CV-0119, 2008 WL 4517806 *4 (N.D.N.Y. Sept. 30, 2008) (30 days SHU and keeplock); *Escalera v. Charwand*, No. 9:04-CV-0983, 2008 WL 699273 *8 (N.D.N.Y. Mar. 12, 2008) (30 days keeplock); *Thompson v. LaClair*, 2008 WL 191212, at *1 (N.D.N.Y. Jan. 22, 2008) (30 days keeplock, loss of recreation, packages, commissary and phone privileges).  Further, the loss of privileges which may accompany a term of restricted confinement does not "give rise to a protected liberty interest under New York law."  *Smart*, 441 F.Supp.2d at 640; *see also LeBron v. Swaitek*, 2006 WL 4968111 *5 n.10 (N.D.N.Y. Sep. 25, 2006).

Rivera opposes summary judgment arguing the conditions of his confinement, when considered together with the duration thereof, are sufficiently significant for purposes of *Sandin* to withstand summary judgment.  The court accepts as true Rivera's claim that he was was

7

confined on room restriction for forty days.  The Second Circuit has recognized that it may be proper to aggregate periods of restrictive confinement in determining the duration of the disciplinary segregation for purposes of the *Sandin* analysis.  *Sealey*, 197 F.3d at 587.[8]

However, the record does not reveal any specific hardships or deprivations during this time that were  "atypical and significant" in relation to the ordinary incidents of prison life.  Upon due consideration, the court finds that Rivera's confinement on room restriction for 40 days did not constitute a constitutionally cognizable liberty deprivation under *Sandin*.  Accordingly, summary judgment is granted and any due process claims arising out of the conduct of Rivera's disciplinary hearings are dismissed.[9]

## 2.   Personal Involvement

Defendants Goord and Perlman claim they are entitled to summary judgment in their favor because they were not personally involved in the alleged wrongdoing for purposes of imposing liability under §1983.  Defs.

---

[8]  Defendants claim that Rivera's period of confinement was "at most 30 days for each of two misbehavior reports."  Defs. MOL p. 12, Dkt. No. 32:6.  While Rivera's counsel asserts that Rivera's confinement lasted 60 days (see Pl. MOL p. 3, Dkt. No. 34), there is no factual support for that calculation in light of the fact that 15 days of Rivera's first penalty was suspended and deferred for 90 days.  *See* discussion at II. Facts, *supra*.

[9]  In view of this finding on the merits, it is not necessary to address defendants' claim that they are entitled to qualified immunity.  *Saucier v. Katz*, 533 U.S. 194, 201-02, 121 S. Ct. 2151, 2156 (2001); *Harhay v. Town of Ellington Bd. of Ed.*, 323 F.3d 206, 211 (2d Cir. 2003); *Warren v. Keane*, 196 F.3d 330, 332 (2d Cir. 1999) (citing *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996)).

MOL pp. 3-4, Dkt. No. 32:6.  The court agrees.

Personal involvement in an alleged constitutional deprivation is a prerequisite to an award of damages under §1983.  *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir.), *cert. denied*, 434 U.S. 1087 (1978).  Under certain circumstances, supervisors may be held liable for unconstitutional conduct in which they did not directly participate.  *See Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003) (listing circumstances under which supervisor will be liable pursuant to § 1983).

The court's finding that Rivera failed to demonstrate a constitutional violation of his due process rights necessarily exculpates these defendants from whatever supervisory liability they might otherwise have incurred as a result of their conduct.  Because Rivera has failed to establish that either Goord or Perlman was personally involved in any wrongdoing for purposes of liability under §1983, these defendants are entitled to summary judgment.

## VI. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 32) is granted; and it is further

**ORDERED** that Rivera's complaint is dismissed in its entirety; and it is further

**ORDERED** that the Clerk of the Court enter judgment in favor of defendants; and it is further

**ORDERED** that the Clerk of Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

Date:        December 22, 2008
             Albany, New York

Gary L. Sharpe
U.S. District Judge

10